# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RICHARD MARTIN, JOHN
DAMBROSIO and YOLANDA
GERVARZES,**

     **Plaintiffs,**

**v.**                **Case No: 6:12-cv-1268-Orl-31DAB**

**HALIFAX HEALTHCARE SYSTEMS,
INC. and HALIFAX COMMUNITY
HEALTH SYSTEMS,**

     **Defendants.**

_____

## ORDER

This cause comes before the Court on a Motion to Dismiss (Doc. 10) filed by Defendant, Halifax Community Health Systems ("Halifax Community"); and a Response (Doc. 11) filed by Plaintiffs.

### I.  Background

Plaintiffs filed this suit on August 16, 2012, alleging that Defendants failed to provide sign language interpreters as required under the Rehabilitation Act, 29, U.S.C. § 794, the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*., and the Florida Civil Rights Act ("FCRA"), § 760.02, Fla. Stat. As a "special taxing district" created by the Florida Legislature, Halifax Community now moves to dismiss Count IV (the FCRA claim) pursuant to Florida's Sovereign Immunity Statute, § 768.28, Fla. Stat. Specifically, Halifax Community argues that it cannot be held liable for punitive damages under the statute, and that Plaintiffs failed to comply with the applicable notice requirements.

## II.     Standard

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).  The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411,421 (1969).  However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed. R. Civ. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action.  *Roe v. Aware Woman Ctr.for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001).  However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007).  The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Id.* at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950-1951 (2009).

### III.    Discussion

Even assuming that Halifax Community is entitled to sovereign immunity as it contends—and this Court has previously found that it is not, *see U.S. ex rel. Kunz v. Halifax Hosp. Med. Ctr.*, 6:09-CV-1002-ORL-31, 2011 WL 2269968 at *6 (M.D. Fla. June 6, 2011)—the notice provision it cites is inapplicable to this case. Section 768.28, Florida Statutes, provides a limited waiver of sovereign immunity for tort claims, but requires, *inter alia*, compliance with special notice provisions. Fla. Stat. § 768.28(6). In *Maggio v. Florida Dept. of Labor & Employment Sec.* however, the Supreme Court of Florida held that the notice requirements of section 768.28(6) are inapplicable in tort actions brought under the FCRA. 899 So. 2d 1074, 1080 (Fla. 2005). Halifax Community argues that *Maggio* does not control in this case because of Section 189.443, Florida Statutes. That Section states "[a]ny suit or action brought or maintained against *the authority* for damages arising out of tort are subject to the limitations provided in s. 768.28, and any claim must be presented in writing to the board." Fla. Stat. § 189.443 (emphasis added).

On its face, Section 189.443 does not apply to Halifax Community because it is not "an authority" as defined in the statute.[1] Halifax Hospital Medical Center was created by statute in 1979, reenacted in 2003 under Chapter 2003-374, Laws of Florida. It was established pursuant to statutory authority in Fla. Stat. § 189.404, which provides for the creation of "independent special districts" under the "Uniform Special District Accountability Act of 1989," Fla. Stat. §§ 189.401 *et seq.* (the "USDAA").The statute Halifax Community seeks to invoke—Section 189.443—is not contained within the USDAA, but under the "Community Improvement Authority Act", Fla. Stat. § 189.430 *et seq.* (the "CIAA"). Section 189.432 defines the term "authority" as "an authority

---

[1] In light of the plain wording of the statute and this Court's prior rulings,—neither of which are addressed in the Motion—Halifax Community's argument borders on frivolous. *See Lee v. Mid-State Land & Timber Co., Inc.*, 285 F. App'x. 601, 608 (11th Cir.2008); *U.S. ex rel. Kunz*, 2011 WL 2269968 at *6.

created under this act"—i.e. an authority created under the CIAA. Halifax Community has not argued that it constitutes such an "authority." Therefore, its Motion will be denied.

It is unnecessary to address Halifax Community's other argument because Plaintiffs do not seek punitive damages against Halifax Community. (Doc. 1 at 22). Therefore, it is

**ORDERED** that Defendant Halifax Community's Motion (Doc. 10) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on October 18, 2012.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties